## No. 12,769.

### STATE OF LOUISIANA VS. ADAM ROBERTSON.

1. *A General Averment not Sufficient.*—The allegation that the verdict was contrary to the law, and the evidence does not present of itself question for review or appeal.

2. *Not Improperly Influenced.*—Where there was no ground to suspect (though alleged) that the jury had been improperly influenced, the verdict and sentence must remain as returned.

3. *Sheriff in Charge of Jury.*—Communications between the jurors and the officer in whose charge they were affords no ground for a new trial, where it does not appear that prejudice resulted.

4. *Indictment Contained all Essential Allegations.*—The terms of the indictment techni-
cally charged the offence and brought the case within the provisions of the
statute.

5. The omission of the words " in the peace of the State" did not vitiate the
indictment.

APPEAL from the Sixteenth Judicial District Court for the Parish
of St. Helena.   *Reid, J.*

*M. J. Cunningham,* Attorney General, and *D. S. Kemp,* District
Attorney (*P. A. Simmons, Jr.,* of Counsel), for Plaintiff, Appellee.

Defendant, appellant, not represented by counsel in Supreme
Court.

Submitted on briefs April 9, 1898.
Opinion handed down April 18, 1898.

The opinion of the court was delivered by

BREAUX, J.   The defendant was charged with murder. He was
tried and found guilty as charged, and condemned to suffer the
extreme penalty of the law.   From the verdict of the jury and sen-
tence of the court he prosecutes this appeal.

He is not here represented by counsel.

A motion in his behalf was filed in the District Court for a new
trial.

The grounds of the motion were that the verdict of the jury was
contrary to the law and the evidence.   That undue influence was
brought to bear upon the jury to compel it to find a verdict of
guilty; that improper communication was had with the jury to influ-
ence a verdict.

The first objection that the verdict was contrary to law and the
evidence, we take it, was raised as preliminary to the objections that
follow.

Considered as an independent proposition it has always been held
that a motion on the single ground that the verdict is contrary to
the law and the evidence does not present question for review on
appeal.

Passing to the second ground set forth in the motion, viz.: undue

influence upon the jury, the trial judge in his statement incorporated in the bill of exceptions declared that there was no improper influence brought to bear on the jury; that a large number of persons were present to see the trial of the accused; that they remained in the courtyard after the jury had retired; that the jury room has windows from which the jury could see persons in the courtyard; that, due to the construction of the building, their removal to any other room could not have prevented the jurors from seeing those persons who were in the yard; that it was not suggested, nor was it a fact, that those persons in the courtyard were riotous or disorderly. The record further discloses that they did not hold any communication with the jury; that there was absolute freedom from all interference with the trial, and not the least demonstration; those present conducted themselves quietly and in a most orderly manner; that the accused was fairly tried and convicted. It appears that the sheriff and his deputy were the only witnesses as relates to the jury and improper influence charged. Their testimony supports the statement of the District Judge as above given in regard to the conduct of those present; they were questioned and testified as to the orderly behavior of those present, and the total absence of any influence whatever against the accused.

There was no warrant for the charge of improper influence of persons present at the trial. Nearly always at the trial of criminal cases of great moment in the community persons assemble to witness the trial. Of itself the assembly of persons offers no ground for complaint on the score of prejudice to the accused. The court is not to assume that the jurors were put in fear by the mere presence of a number of persons. The record does not disclose that the assembled persons were moved by any other desire than to witness the trial.

The evidence does not suggest the least ground upon which injury can be presumed. It was not shown that a word of threat was uttered, or that the least gesture was made while the jury was in the room deliberating.

After a careful consideration of the statement of the District Judge and of the evidence of the sheriff and deputy we arrived at the conclusion that the objection offers no basis upon which to reverse the verdict of the jury.

This conclusion brings us to the next ground urged by motion for a new trial, viz.: communication with the jury.

This charge was leveled against the sheriff; he had been entrusted by the court with the custody and care of the jury by the judge. The jury retired to the room of deliberation on Saturday afternoon; some time after, about two hours, the sheriff asked them if they wished supper. This inquiry led to some conversation between him and the members of the jury in which he said to them that unless they agreed and found a verdict by eight o'clock, they would have to remain over until Monday morning; eight o'clock it appears was the usual hour of the court's adjournment.

This officer stated that he did not know at the time whether or not the jury had agreed upon a verdict.

It does not appear that he was present while the jury was deliberating.

It is not suggested that he sought, by speaking to them as he did in regard to the adjournment of the court, in any respect to influence the minds of the jurors.

While we must hold that all communications between jurors and officers of court should be as much as possible restricted, yet we are constrained to hold that such information as was given in this case was not ground for a new trial. In a case presenting a similar question it was decided, "where the officer told them that unless they agreed they would be detained until the next day at noon," this, *though improper*, was held not sufficient to avoid the verdict, "since it did not amount to an illegal restraint of the jury." Thompson on Trials, Vol. 2, pp. 1918, 2556.

We pass to defendant's motion in arrest of judgment presenting grounds of objection: that he was not charged with any crime under the laws of the State; that the indictment did not state that the deceased was in the peace of the State.

With reference to the first objection, the indictment contains every essential recital. It charges in the language of the law, that the defendant at time stated, in the parish of St. Helena, wilfully, feloniously, and of his malice aforethought, did kill and murder James A. Carruth.

Nothing else was needed to make a complete and valid indictment.

It has been, as to the second ground of the motion in arrest, repeatedly held by this court that the absence of the allegation " in the peace of the State " was not ground for an arrest of judgment.

FIFTIETH ANNUAL REPORTS, 1898.        459

State ex rel. Ford vs. Justice of Peace.

State vs. Vincent, 36 An. 772, and decision cited.  State vs. Simien, *Ib.*, p. 924; State vs. Sonnier, 38 An. 962.

This completed the review of every objection and every point they suggested.

We found no ground upon which the accused can be granted a new trial.

There is nothing in the proceedings indicating that the law has not been complied with in every respect.

It is therefore ordered, adjudged and decreed that the verdict, sentence and judgment appealed from are affirmed.